# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLELE BIOTECHNOLOGY AND PHARMACEUTICALS, INC., a California corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PFIZER, INC., a Delaware corporation; BIONTECH SE, a German company; BIONTECH US, INC., a Delaware corporation; and DOES 1-30,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-cv-01958-H-AGS<br><br>**GRANTING JOINT REQUEST FOR PROTECTIVE ORDER**<br><br>[Doc. No. 62.] |

　　　　Pursuant to the Court's August 17, 2021 order, (Doc. No. 63), the parties submitted a joint proposed protective order to the Court on August 26, 2021. For good cause shown, the Court grants the parties' joint request for a protective order, and the Court enters the following order:

///

///

///

The Court recognizes that at least some of the documents and information ("Materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "Materials" will include, but is not limited to: electronically stored information; documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; email; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); data; reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" will mean outside counsel of record in this action, and other attorneys, technical advisors, analysts, paralegals, secretaries, and other support staff

regularly employed by their law firms ("Outside Counsel"), provided that such employees abide by the restrictions set forth in this Order, including in ¶ 7.  The term "Counsel" also includes "Designated Inside Counsel," which consists of up to two (2) in-house attorneys or outside general counsel for each party, who are not involved in any competitive decision-making on behalf of a receiving party, and who, because of their duties and responsibilities, require access to certain Confidential Information, provided that such Designated Inside Counsel abide by the restrictions set forth in this Order, including in ¶ 7.  The right of any Designated Inside Counsel to receive any Confidential Information will be subject to the advance approval of such Designated Inside Counsel by the producing party or by permission of the Court.  Before an individual may receive Confidential Information of another party by virtue of his or her status as a Designated Inside Counsel or replacement Designated Inside Counsel, the individual must execute the form attached hereto as Exhibit B, and the executed form must be provided to the producing party along with the individual's title, business email address, phone number, and a brief description of the individual's day-to-day responsibilities as an employee of the receiving party.  Upon receipt of the above-described information for a proposed Designated Inside Counsel, the producing party shall have seven (7) days (as calculated by Fed. R. Civ. P. 6) to object in writing to the provision of any Confidential Information to said Designated Inside Counsel.  Any objection shall set forth in detail the grounds for such objection, after which the parties shall promptly meet and confer in a good faith attempt to resolve the concerns giving rise to the objection.  Confidential Information may be disclosed to a Designated Inside Counsel if the seven (7) day period has passed and no objection has been made.  If the parties are unable to reach agreement regarding the disclosure, the designating party must file a motion seeking relief with the Court no later than seven (7) days (as calculated by Fed. R. Civ. P. 6) after receipt of the written objection.  The burden shall be on the designating party to demonstrate to the Court why such individual should be permitted to receive Confidential Information under this Order.  Such Material shall not be disclosed to such individual pending the Court's resolution of the dispute.  The foregoing seven day

periods may be extended or shortened by agreement of the parties or by order of the Court. The parties shall act in good faith in designating and considering for approval proposed Designated Inside Counsel.

GENERAL RULES

4. Each party and third party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be Confidential Information subject to this Protective Order may designate the same as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL." Material may, as appropriate, be marked by the producing party with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" on each page, as the format permits. In addition, with respect to all designated Materials produced with an associated load file, the producing party will include the appropriate designation in the load file. With respect to all designated digital files produced in native format, the producing party will include the appropriate designation in the filename. Physical objects may be designated by affixing to the object or its container a label or tag with the appropriate designation.

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "HIGHLY CONFIDENTIAL": Any party may designate information as "HIGHLY CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, or other commercial information. Current or ongoing trade secrets and other extremely commercially sensitive

research and development or technical data or information, including for past, present, and future products and projects may be designated as "HIGHLY CONFIDENTIAL – TECHNICAL" on the good faith belief of the designating party and its Counsel.  All limitations on "HIGHLY CONFIDENTIAL" information shall apply to "HIGHLY CONFIDENTIAL – TECHNICAL" information, except additional limitations shall apply to "HIGHLY CONFIDENTIAL – TECHNICAL" information with respect to a Prosecution Bar as set forth in paragraph 7 below.

5. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection.  For purposes of the initial inspection, all Materials produced will be considered as "HIGHLY CONFIDENTIAL – TECHNICAL," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person not authorized to receive such information pursuant to this Order, but

may not exclude the deponent, counsel for the deponent (including their staff and associates), the court reporter, or the videographer; and

      c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

      7.    All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court. Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be used for purposes of any competitive decision-making by the receiving party, including in patent prosecution. For the avoidance of doubt, information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be used by the receiving party to prosecute any patent application, including in direct contribution to drafting, revising, amending, or modifying the scope of patent claims in the United States or in any foreign country and in formulation of strategy for prosecution. Any Counsel who reviews another party's or non-party's "HIGHLY CONFIDENTIAL – TECHNICAL" information relating to fluorescent proteins or use thereof, viral neutralization assays or use thereof, mRNA vaccines or therapeutics, or mRNA packaging/delivery mechanisms shall not be involved in the prosecution of patents or patent applications relating to such subject matter, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office (the "Prosecution Bar"). The parties recognize

that the scope of the Prosecution Bar may need to be revisited as discovery proceeds, and agree in good faith to negotiate any such changes as and when required.  The Prosecution Bar includes drafting, amending, or otherwise affecting the scope or maintenance of patent claims or portions thereof, including patent reissue.  Nothing herein shall preclude Counsel from representing a party in all capacities before a domestic or foreign agency involving other post-grant review proceedings including, but not limited to, ex parte reexamination or inter partes review, provided such counsel does not participate in the drafting, modifying, amending or modifying of patent claims relating to fluorescent proteins or use thereof, viral neutralization assays or use thereof, mRNA vaccines or therapeutics, or mRNA packaging/delivery mechanisms, with one exception.  Counsel shall not be barred from representing his or her client in this litigation in all capacities including the drafting, modifying, amending or modifying of patent claims relating to fluorescent proteins or use thereof, viral neutralization assays or use thereof, mRNA vaccines or therapeutics, or mRNA packaging/delivery mechanisms with respect to any inter partes review seeking to invalidate U.S. Patent No. 10,221,221 or any related patent.  Further, the Prosecution Bar shall apply on an individual basis only, and shall not be imputed to other individuals of a law firm or practice.  A Counsel's role as supervisor of an attorney or patent agent engaged in prosecution described herein shall not, in itself, constitute evidence that Counsel is engaged in prosecution and the Prosecution Bar shall not apply in such circumstance alone.  The Prosecution Bar shall apply from the date when the affected individual first reviews information designated "HIGHLY CONFIDENTIAL – TECHNICAL" of an opposing party" until the earlier of (i) two years after final judgment or dismissal in this action, including any and all appeals or (ii) two years after the affected Counsel withdraws from representing any and all parties in this litigation or the affected Designed Inside Counsel is removed from any and all parties' lists of Designated Inside Counsel.  Also for the avoidance of doubt, information derived from any such Confidential Information, including data, summaries, and compilations derived from any such Confidential Information, shall be subject to the same "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" designation (and thus the same restrictions) as the Confidential Information from which it was derived.

8. Information designated "HIGHLY CONFIDENTIAL" must be viewed only by Counsel (as defined in paragraph 3) of the receiving party, and by independent experts, including any associates or analysts working under the supervision of such independent experts, under the conditions set forth in this paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld. Information designated "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – TECHNICAL" may also be viewed by Court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure, and has agreed to be bound by its terms:

a) Stenographic, videographic, and clerical employees associated with the individuals identified above.

b) Persons or firms retained for the purpose of litigation support (e.g., professional vendors for photocopying and printing; audio and video recording; interpreting or translating; preparing exhibits or demonstratives; organizing, storing, or retrieving data in any form or medium; jury consulting; mock trial coordination; litigation presentation ("hot seat") technicians; etc.).

9.  Information designated "CONFIDENTIAL" may be viewed only by those eligible to view "HIGHLY CONFIDENTIAL" information, Court personnel, and the following additional individuals listed below, provided each such individual has read this Order in advance of disclosure, and has agreed to be bound by its terms:

    a) Executives of each party who are required to participate in policy decisions with reference to this action, provided that such executives sign Exhibit B to this Order before receiving "CONFIDENTIAL" information;

    b) Technical personnel of the parties with whom Outside Counsel or Designated Inside Counsel for the parties find it necessary to consult, in the discretion of such Outside Counsel or Designated Inside Counsel, in preparation for trial of this action; and

    c) Stenographic, videographic, and clerical employees associated with the individuals identified above.

10. Any Material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" may be shown to any person, including during examination upon deposition, whom the attorney or party showing the Material has a reasonable, good faith belief is: (i) eligible to have access to the designated Material by virtue of his or her employment or former employment with the designating party; (ii) indicated on the face of the designated Material to be its originator, author, addressee, or a recipient of a copy of such information; (iii) although not identified as an author, addressee, or copy recipient of such designated Material, has, in the ordinary course of business, seen such designated Material or developed knowledge of or familiarity with the Confidential Information contained therein; (iv) a current officer, director or employee of the producing party, its parents, or subsidiaries, or (v) a corporate representative designated to testify on behalf of the producing party pursuant to Fed. R. Civ. P. 30(b)(6); or (vi) other persons entitled hereunder to access the designated Material.

11. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party, and any and all

reproductions of that information, must be retained in the custody of the Outside Counsel for the receiving party identified in paragraph 3, except that Designated Inside Counsel and independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such Material must seek permission of the Court to file the Material under seal. The filing party must include on the cover page of the brief or other filing a descriptive legend, e.g., "CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION," "CONTAINS DEFENDANTS' CONFIDENTIAL INFORMATION," "CONTAINS THIRD-PARTY CONFIDENTIAL INFORMATION," etc. Redacted versions of papers filed under seal may be made publicly available provided that (a) all Confidential Information is redacted and (b) such redacted versions are clearly marked "PUBLIC VERSION" and clearly identify each place where information or exhibits have been redacted or deleted. The filing party shall promptly notify any non-party if that non-party's Confidential Information has been submitted with a motion to seal. If the filing party is not the designating party, then after service of a motion to seal, the designating party or designating non-party shall be responsible for responding to the motion with any evidentiary basis and briefing in support of the motion to seal.

13. At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Outside Counsel for the designating party of the specific objected-to Materials and the detailed grounds for the objection. Within fourteen (14) days (as calculated by Fed. R. Civ. P. 6) of such notice, Outside Counsel for the objecting party shall have the burden of meeting and conferring with Outside Counsel for the designating party (and any interested third party) in a good-faith effort to resolve the dispute. If the dispute is not resolved consensually between the parties, the objecting party may move the

Court for a ruling on the objection. The objecting party must contact the Court within twenty-one (21) days of the initial notice, or within fourteen (14) days of the parties agreeing that the meet-and-confer process of this paragraph will not resolve their dispute, whichever is earlier (as calculated by Fed. R. Civ. P. 6). The objecting party's failure to contact the Court within such time period waives its objection. The objecting party bears the burden of establishing for the Court that the designated Materials are not entitled to the designated level of protection under this Order. The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. The foregoing fourteen- and twenty-one- day periods may be extended or shortened by agreement of the parties or by order of the Court. The right to challenge and the process for challenging the existence or designation of redactions shall be the same as the right to challenge and process for challenging designation of Materials as Confidential Information.

      14. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to retrieve the improperly disclosed Confidential Information and prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure. Each person who receives Confidential Information agrees to be subject to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

15.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the Materials as Confidential Information, once the designating party so notifies the receiving party.  If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Outside Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

17.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery Material on the grounds that the Material is protected as privileged or as attorney work product.  In addition, notwithstanding the provisions of this Order, a producing party may redact from any document, whether designated as containing Confidential Information or not, any information containing privileged Material, or any other personal identifying data protected from disclosure.  By way of non-limiting example, these categories may include personal information such as sexual orientation, religion, health information, labor union affiliation, financial information, and political affiliation or similar data otherwise protected from disclosure by state, federal, or foreign regulations.  Each such redaction, regardless of size, shall be clearly labeled "Redacted - Privileged" if redacted for privilege or immunity, or "Redacted - DP" if redacted for data protected from disclosure by state, federal, or foreign regulations.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.  In addition, pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5), the production of

documents subject to the attorney-client privilege or the work-product immunity, or any other privilege or immunity, will not waive the attorney-client privilege, work-product immunity, or other privilege or immunity in this action or any other federal or state proceeding.  Further, neither the fact that information was produced nor the content of the information shall be used in any manner as evidence in support of any such alleged waiver.  If a party has produced information subject to a claim of privilege or immunity, then, upon the producing party's request identifying such information or upon the receiving party's discovery of information that it believes to be privileged: (a) the information and all copies thereof shall be promptly returned to the producing party, or (b) Outside Counsel for the receiving party shall confirm in writing, which may be by email, that all such information and copies thereof have been destroyed no later than ten (10) days (as calculated by Fed. R. Civ. P. 6) after the producing party's request or the receiving party's discovery, as required by Fed. R. Civ. P. 26(b)(5)(B).  Moreover, any notes or summaries referring to or reflecting the content of such information shall be destroyed.  After the return or destruction of such information, a receiving party may challenge the producing party's claim(s) of privilege or immunity with the Court.  The existence of this Order may not be used to compel a party to produce documents without review, nor does it mean that the cost of review should not be considered in whether any particular discovery is disproportionate.  Nothing in this Order overrides any attorney's ethical responsibilities related to the inadvertent production of privileged information.

18.   Nothing in this Order will bar Outside Counsel or Designated Inside Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19.   This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by any

party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. Not later than 90 days (as calculated by Fed. R. Civ. P. 6) after final termination of this action, including any and all appeals, Counsel and any independent experts (pursuant to paragraph 8) for each party must return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Outside Counsel for each party may retain an archival copy of all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, all discovery requests and responses, expert reports, transcripts of testimony and exhibits, correspondence, mediation briefs, and final trial Materials that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, except that the bar on prosecution described in paragraph 7 shall in no event extend beyond two years after the final termination of this litigation, including any and all appeals. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, except that the bar on prosecution described in paragraph 7 shall in no event extend beyond two years after the final termination of this litigation, including any and all appeals. Not later than 90 days (as calculated by Fed. R. Civ. P. 6) after final termination of this action, including any and all appeals, Outside Counsel for each receiving party shall certify in writing to each producing party that the receiving party has complied with the requirements of this paragraph. Notwithstanding the above, no party shall be required to return or destroy any Confidential Information retained on back-up or other archival media.

14

20-cv-01958-H-AGS

22. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order or a protective order in another action; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.  In addition, the parties agree to meet and confer regarding additional safeguards for particular Material if and when needed.

26. The Court grants the parties' request for a protective order without prejudice to the Court modifying this order at a later time.  The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

27. This Order is without prejudice to the right of any party to seek further or additional protection of the information for which it does not believe the protection of this Order is adequate.  Nothing in this Order shall be deemed to bar or preclude any producing party from seeking such additional protection, including without limitation, an order that certain information may not be discovered at all.  In addition, nothing in this Order shall limit the rights of a party with respect to the use or disclosure of its own Confidential Information.

28. If at any time designated Confidential Information of a producing party is subpoenaed from a receiving party or is the subject of a discovery request directed to a receiving party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written and email notice to the producing party and shall provide the producing party with an opportunity to object to the production of such Materials. If the producing party does not move for a protective order within fourteen (14) days (as calculated by Fed. R. Civ. P. 6) of the date written notice is given, a receiving party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request but not before the end of the fourteen-day notice period, such Material in response thereto, under a protective order with confidentiality provisions equal to or more restrictive than those of this Order.

**IT IS SO ORDERED.**

DATED: August 31, 2021

*[Signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

# *EXHIBIT A*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLELE BIOTECHNOLOGY AND PHARMACEUTICALS, INC.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PFIZER, INC.; BIONTECH SE, BIONTECH US, INC.; and DOES 1-30,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-cv-01958-H-AHG<br><br>**DECLARATION TO BE BOUND BY PROTECTIVE ORDER** |

　　　I, _____, declare under penalty of perjury that:

　　　My present employer is _____ and the address of my present employer is _____.

　　　My present occupation or job description is _____.

　　　I have received the Protective Order in this Litigation dated _____. I understand that I am obligated, under Order of the Court, to hold in confidence and not to disclose the contents of anything marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" except as permitted by the Protective Order. I further understand that I am not to disclose to anyone other than those persons identified in paragraphs 8 and 9 of the Protective Order any words, substances, summaries, abstracts, or indices of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material disclosed to me. According to the restrictions of paragraphs 7 and 14 of the Protective Order, I will use Material produced or disclosed to me in this action, including Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" or information derived therefrom, solely for purposes relating to the above-captioned action. I will never use such Material or information derived therefrom, directly or indirectly, in competition with the producing party, nor will I permit others to do so. In

addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

At the termination of this action or any time requested by Outside Counsel for the party by whom I am engaged, I will return or destroy all documents and other Materials, including notes, computer data, summaries, abstracts, or any other Materials containing or reflecting "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" Material which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the producing party. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

Date: _____

Signature

### *EXHIBIT B*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLELE BIOTECHNOLOGY AND PHARMACEUTICALS, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>PFIZER, INC.; BIONTECH SE, BIONTECH US, INC.; and DOES 1-30,<br><br>                                    Defendants. | Case No.: 20-cv-01958-H-AHG<br><br>**DECLARATION TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare under penalty of perjury that:

My present employer is _____ and the address of my present employer is _____.

My present occupation or job description is _____.

I have received the Protective Order in this Litigation dated _____. I agree:

(i)   to be bound by the terms of the Protective Order;

(ii)   to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" Material solely for the purposes delineated within the Protective Order;

(iii)   to not use any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" information for purposes of any competitive decision-making, or in patent prosecution in accordance with paragraph 7 of the Protective Order;

(iv)   to not disclose any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material to any person, firm, corporation or other entity not qualified to have access to such

information pursuant to the terms of the Protective Order; and that

  (v) I meet the requirements for Designated Inside Counsel as set forth in paragraph 3 of the Protective Order or am an executive required to participate in policy decisions with reference to this action. If the latter, I understand I am not permitted access to "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" Material.

  I will return or destroy all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – TECHNICAL" Material at the relevant time in accordance with paragraph 21 of the Protective Order.

  I hereby submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcement of the Protective Order. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in a civil action by one or more of the parties in this action.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Date: _____

Signature