# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLELE BIOTECHNOLOGY AND PHARMACEUTICALS, INC., a California corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PFIZER, INC., a Delaware corporation; BIONTECH SE, a German company; BIONTECH US, INC., a Delaware corporation; and DOES 1-30,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-cv-01958-H-AGS<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL**<br><br>[Doc. Nos. 75, 76, 77, 78, 81, 82.] |

　　On September 1 and 2, 2021, the parties filed six joint filings for the determination of various discovery disputes. (Doc. Nos. 75, 76, 77, 78, 81, 82.) The Court held a hearing on the matter on September 13, 2021. Ben L. Wagner, Robert Schaffer, and Sushmitha Rajeevan appeared for Plaintiff Allele Biotechnology and Pharmaceuticals, Inc. Charles L. McCloud, Thomas H.L. Selby, Julie L. Tavares, and David J. Noonan appeared for Defendant Pfizer, Inc. Bruce M. Wexler, Elizabeth L. Brann, Merri C. Moken, and Karthik R. Kasaraneni appeared for Defendants BioNTech SE and BioNTech US, Inc. The Court addresses each of these discovery disputes in turn below.

///

In the first discovery dispute, Defendants request that Plaintiff be compelled to supplement its response to Defendants' Interrogatory No. 14 to describe how the documents currently cited in its response show Plaintiff's compliance with the marking statute, 35 U.S.C. § 287. (Doc. No. 75 at 2.) Defendants have failed to show that supplementation is required at this time. As such, the Court denies Defendants' first motion to compel.

In the second discovery dispute, Defendants request that Plaintiff be compelled to respond to Defendants' Document Requests Nos. 17, 20-26, 37, 70-76, 83, 89, 96-97, 99, 138, 140-41, 145-46 and Defendants' Interrogatories Nos. 2, 3, and 8 seeking Plaintiff's information about alternative fluorescent proteins. (Doc. No. 76 at 2.) The Court agrees with Plaintiff that Defendants' requests are overbroad. As such, the Court denies Defendants' second motion to compel. The Court notes that in the filing, Plaintiff states that it has offered to provide licenses for the last three years and documents sufficient to show how its other fluorescent proteins work. (Doc. No. 76 at 2.) The Court orders the parties to meet and confer on the production of relevant licenses and documents.

In the third discovery dispute, Defendants request that Plaintiff be compelled to produce copies of the pleadings, claim construction materials, expert reports, and deposition transcripts from a different case involving the patent-in-suit, the '221 patent: <u>Allele Biotechnology and Pharmaceuticals, Inc. v. Regeneron Pharmaceuticals, Inc.</u>, No. 7:20-cv-8255 (S.D.N.Y.). (Doc. No. 77 at 2.) The fact that Plaintiff produced certain documents in a different case "does not necessarily make them discoverable in this case." <u>Chen v. Ampco Sys. Parking</u>, No. 08-CV-0422-BEN (JMA), 2009 WL 2496729, at *3 (S.D. Cal. Aug. 14, 2009). As such, the Court denies Defendants' third motion to compel.

In the fourth discovery dispute, Defendants request that Plaintiff be compelled to respond to Defendants' Document Requests Nos. 10-14 and Defendants' Interrogatories Nos. 6 and 7 seeking information related to Plaintiff's contention that the '221 patent is valid. (Doc. No. 78 at 2.) The Court agrees with Plaintiff that Defendants' requests are

premature at this stage in the proceedings. As such, the Court denies Defendants' fourth motion to compel without prejudice.

In the fifth discovery dispute, Defendants request that Plaintiff be compelled to respond to Defendants' Document Requests Nos. 59, 61, and 111 and produce documents identifying the source and terms of any litigation funding Plaintiff may be receiving in this matter and related communications. (Doc. No. 81 at 2.) Defendants are not entitled to these documents. See MLC Intell. Prop., LLC v. Micron Tech., Inc., No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019). As such, the Court denies Defendants' fifth motion to compel.

In the sixth discovery dispute, Defendants request that Plaintiff be compelled to respond to Defendants' Document Requests Nos. 6, 47, and 48 and produce nonprivileged documents from Plaintiff's internal prosecution files for the '221 patent and a pending continuation application that has the same written description of the alleged invention. (Doc. No. 82 at 2.) "[P]atent prosecution files often are protected by attorney-client privilege." Orthopaedic Hosp. v. DJO Glob., Inc., No. 319CV00970JLSAHG, 2020 WL 7625123, at *3 (S.D. Cal. Dec. 22, 2020); see In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805–06 (Fed. Cir. 2000). As such, the Court denies Defendants' sixth motion to compel.

**IT IS SO ORDERED.**

DATED: September 13, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT